# UNITED STATES DISTRICT COURT

for the
### Eastern District of Kentucky
### London Division

| | | |
|---|---|---|
| Anita Collins | ) | |
|       *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| CACH, LLC | ) | |
|       *Defendant* | ) | |
| Serve: | ) | |
|       The Corporation Company | ) | |
|       1675 Broadway, Suite 1200 | ) | |
|       Denver, CO 80202 | ) | |
| | ) | |
| First Premier Bank | ) | |
|       *Defendant* | ) | |
| Serve: | ) | |
|       First Premier Bank | ) | |
|       601 South Minnesota Avenue | ) | |
|       Sioux Falls, SD 57104 | ) | |
| | ) | |
| GLA Collection Co., Inc. | ) | |
|       *Defendant* | ) | |
| Serve: | ) | |
|       Michael L. Lynch | ) | |
|       2630 Gleeson Lane | ) | |
|       Louisville, KY 40299 | ) | |
| | ) | |
| LVNV Funding, LLC | ) | |
|       *Defendant* | ) | |
| Serve: | ) | |
|       Corporation Service Company | ) | |
|       2711 Centerville Road | ) | |
|       Suite 400 | ) | |
|       Wilmington, DE 19808 | ) | |
| | ) | |

Midland Credit Management, Inc.                       )
       *Defendant*                                     )
Serve:                                               )
       Corporation Service Company             )
       2900 SW Wanamaker Dr.                   )
       Suite 204                              )
       Topeka, KS 66614                       )
                                                    )
Midland Funding, LLC                                 )
       *Defendant*                                     )
Serve:                                               )
       CSC-Lawyer's Incorporating             )
         Service Company                     )
       421 W. Main                            )
       Frankfort, KY 40601                    )
                                                    )
Portfolio Recovery Associates, LLC                   )
       *Defendant*                                     )
Serve:                                               )
       Corporation Service Company             )
       2711 Centerville Road                  )
       Suite 400                              )
       Wilmington, DE 19808                   )
                                                    )
Resurgent Capital Services, L.P.                     )
       *Defendant*                                     )
Serve:                                               )
       CSC-Lawyers Incorporating              )
         Service Company                     )
       421 W. Main Street                     )
       Frankfort, KY 40601                    )
                                                    )
Southwest Credit Systems, L.P.                       )
       *Defendant*                                     )
Serve:                                               )
       CT Corporation System                  )
       306 W. Main St., Suite 512             )
       Frankfort, KY 40601                    )
                                                    )
USCB Corporation                                     )
       *Defendant*                                     )
Serve:                                               )
       Kentucky Secretary of State            )
                                 )

# <u>COMPLAINT and DEMAND FOR JURY TRIAL</u>

## INTRODUCTION

1.　　　　This is an action by a consumer seeking damages and declaratory relief for Defendants' violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices; Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., which was enacted to promote fairness and accuracy in credit reporting, and/or Defendants' violation of the discharge injunction under 11 U.S.C. § 524.

2.　　　　Plaintiff Anita Collins is the victim of identity theft. Ms. Collins discovered the identity theft when Defendant Portfolio Recovery Associates, LLC ("PRA") filed suit against her in Rockcastle District Court. After PRA served the summons and complaint, Ms. Collins reviewed her consumer credit report from Equifax Information Services, LLC ("Equifax"). She discovered negative information on her credit report furnished by Defendants PRA; CACH, LLC; GLA Collection Co., Inc. ("GLA"); LVNV Funding, LLC ("LVNV"); Midland Funding, LLC ("Midland"): Southwest Credit Systems, L.P. ("Southwest"); and USCB Corporation ("USCB"). Ms. Collins also discovered negative credit information furnished by Synchrony Bank in connection with several different credit card accounts, none of which were hers. Additionally, Ms. Collins discovered that First Premier Bank had made a hard credit inquiry for her credit report.

3.　　　　Ms. Collins sent dispute letters directly to all Defendants, Synchrony Bank and the big three consumer reporting agencies: Equifax, Experian, and Trans Union. PRA deleted one of the negative credit items and allegedly validated the other. CACH, GLA, Resurgent Capital Services, L.P. ("Resurgent") on LVNV's behalf, and Midland Credit Management, Inc. ("MCM") on Midland's behalf all sent response letters allegedly validating the debts. Southwest and USCB did not send any response. Synchrony Bank investigated Ms. Collins' dispute and resolved her disputes on five accounts in Ms. Collins' favor. As result, Synchrony Bank deleted the trade line on all five accounts from Ms. Collins' consumer credit reports.

4.　　　　PRA served a copy of the summons and complaint on Ms. Collins on March 28, 2014. Ms. Collins, by counsel, timely served an answer PRA on May 8, 2014. Counsel corresponded with PRA's counsel. PRA's sent a settlement demand after receiving the answer. Nevertheless, PRA moved for default judgment in the Rockcastle District Court action on June 6, 2014, which was motion was correctly denied by the court.

5.　　　　These and other actions by Defendants constitute violations of the FDCPA and/or FCRA.

## JURISDICTION

6.        This Court has jurisdiction pursuant to 28 U.S.C. § 1331; the FDCPA, 15 U.S.C. §1692k(d); and the FCRA, 15 U.S.C. § 1681p.

## PARTIES

7.        Plaintiff Anita Collins is a natural person who resides in Rockcastle County, Ky. Ms. Collins is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

8.        Defendant CACH, LLC ("CACH") is a foreign limited liability company, which has not registered with the Kentucky Secretary of State. CACH is engaged in the business of purchasing debt from creditors and collecting these debts from consumers in this state. CACH's principal place of business is located at 4340 S. Monaco St., 2nd Floor, Denver, CO 80237.

9.        CACH regularly collects or attempt to collects debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6). CACH is also a furnisher of information within the meaning of the FCRA.

10.        Defendant First Premier Bank ("First Premier") is a bank whose headquarters are located at 601 South Minnesota Avenue, Sioux Falls, SD 57104.

11.        First Premier is a furnisher and user of information within the meaning of the FCRA.

12.        Defendant GLA Collection Co., Inc.  ("GLA") is a third-party debt collector, whose principal office is located at 2630 Gleeson Lane, Louisville, KY 40299.

13.        GLA regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6). GLA is also a furnisher of information within the meaning of the FCRA.

14.        Defendant LVNV Funding, LLC ("LVNV") is a foreign limited liability company, which has not registered with the Kentucky Secretary of State. LVNV is engaged in the business of purchasing debt from creditors and collecting these debts from consumers in this state. LVNV's principal place of business is located at Bank of America Building, 200 Meeting Street, Suite #206, Charleston, SC 29401-3187.

15.        LVNV regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6). LVNV is also a furnisher of information within the meaning of the FCRA.

16.      Defendant Midland Funding, LLC ("Midland") is a Delaware limited liability company, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Midland's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

17.      Midland is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6). Midland is also a furnisher of information within the meaning of the FCRA.

18.      Defendant Midland Credit Management, Inc. ("MCM") is a Kansas for-profit corporation, which is not registered with the Kentucky Secretary of State, and is engaged in the business of collecting debts on behalf of other legal entities, including Midland Funding, LLC. MCM's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

19.      MCM is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a(6). MCM is also a furnisher of information within the meaning of the FCRA.

20.      Defendant Portfolio Recovery Associates, LLC ("PRA") is a limited liability company which is not registered with the Kentucky Secretary of State, and the principal purpose of whose business is the collection of debts, operating a debt collection agency with its principal place of business located at 120 Corporate Blvd., Norfolk, VA 23502.

21.      PRA regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6). PRA is also a furnisher of information within the meaning of the FCRA.

22.      Defendant Resurgent Capital Services, LP ("Resurgent") is a foreign limited partnership, which is registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state and/or collecting debts on behalf of other debt collectors such as LVNV. Resurgent's principal place of business is 15 S. Main St., #400, Greenville SC, 29601.

23.      Resurgent is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6). Resurgent is also a furnisher of information within the meaning of the FCRA.

24.      Defendant Southwest Credit Systems, L.P. ("Southwest") is a foreign limited partnership which is registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts in this state and/or collecting debts on behalf of other with its principal place of business located in Carrollton, TX.

25.      Southwest regularly collects or attempt to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6). Southwest is also a furnisher of information within the

meaning of the FCRA.

26.  Defendant USCB Corporation ("USCB") is a Pennsylvania corporation which is not registered with the Kentucky Secretary of State, and which is engaged in the business of purchasing debt from creditors and collecting these debts in this state and/or collecting debts on behalf of others. USCB's principal place of business is located at 101 Harrison Street, Archbald, PA 18403.

27.  USCB regularly collect or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6). USCB is also a furnisher of information within the meaning of the FCRA.

## STATEMENT OF FACTS

28.  After Ms. Collins was served with a summons and complaint in connection with a debt that she did not recognize and does not owe, Ms. Collins requested, obtained, and reviewed her consumer credit report from Equifax.

29.  Ms. Collins' Equifax consumer credit report dated June 24, 2014 included negative credit items furnished by CACH, GLA, LVNV, Midland, PRA, Southwest, USCB, and Synchrony Bank in connection with debts that Ms. Collins did not incur and does not owe.

30.  Each of the furnishers of information referenced in the paragraph above furnished negative credit information concerning Ms. Collins and the debts at issue for purposes of collecting the debts from her. ("Reporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms." *Sullivan v. Equifax, Inc.*, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002)).

31.  Ms. Collins believes that she may be the victim of identity theft. Ms. Collins first learned and discovered the negative credit information furnished by CACH, GLA, LVNV, Midland, PRA, Southwest, USCB, and Synchrony Bank on her credit report when she reviewed her June 24th Equifax consumer credit report.

32.  On September 1, 2014, Ms. Collins by counsel sent dispute letters to all three major consumer reporting agencies (CRA's): Equifax, Experian, and Trans Union.

33.  Ms. Collins' dispute letters to the CRA's disputed the negative information furnished by CACH, GLA, LVNV, Midland, PRA, Southwest, USCB, and Synchrony Bank.

34.  Ms. Collins' dispute letters also disputed hard credit inquiries made by First Premier Bank.

35.  Ms. Collins' dispute letters explained that she had been the victim of identity theft,

that she did not owe these debts, and that she did not apply for credit with the creditors who made the hard credit inquiries for her consumer credit report.

36.     Ms. Collins, by counsel, also sent dispute letters directly to CACH, First Premier Bank, GLA, LVNV, Midland, PRA, Southwest, USCB, and Synchrony Bank.

37.     Ms. Collins' dispute letters concerning Synchrony Bank disputed five different negative credit items furnished by Synchrony Bank: (1) Synchrony/Amazon, LLC; (2) Synchrony/Care Credit; (3) Synchrony/JCPenney; (4) Synchrony/Old Navy; and (5) Synchrony/Walmart.

38.     In response to Ms. Collins' dispute letters, Synchrony Bank resolved all five disputes in Ms. Collins' favor, removed all charges, and deleted the trade lines associated with the accounts.

## I.    Facts Concerning Portfolio Recovery Associates, LLC

39.     PRA filed suit against Ms. Collins in Rockcastle District Court on November 5, 2012.

40.     PRA, however, waited until March 28, 2014 to serve a copy of the summons and complaint on Ms. Collins.

41.     Ms. Collins served a timely answer on PRA's counsel on April 3, 2014. The answer was served both by email to PRA's counsel and by U.S. mail postage prepaid.

42.     Ms. Collins also filed her answer with the Rockcastle District Court, which was filed and entered the answer on April 21, 2014.

43.     On May 8, 2014, PRA's counsel sent undersigned counsel some documents by email and an offer to settle PRA's claim.

44.     Undersigned counsel sent PRA's counsel an email rejecting the offer on grounds that Ms. Collins was the victim of identity theft and did not owe the debts on which PRA sued her.

45.     Nevertheless, despite being timely served with an answer and engaging in settlement discussions, PRA moved for default judgment against Ms. Collins on June 6, 2014.

46.     The Rockcastle District Court summarily denied the default judgment on grounds that Ms. Collins had served and filed an answer in the case.

47.     PRA furnished negative credit information concerning Ms. Collins and two different debts to one or more CRA's.

48.     Ms. Collins' June 24th Equifax consumer credit report includes negative

information furnished by PRA concerning Ms. Collins and alleged debts originated by GE Money Bank or GE Capital Retail Bank (collectively "GE"), both of which are now known as Synchrony Bank.

49.     Ms. Collins' dispute letters to the CRA's and directly to PRA concerned both debts referred to in the paragraph immediately above.

50.     Upon information and belief, Experian, Equifax, and Trans Union notified PRA concerning Ms. Collins' dispute, which triggered PRA's duty to re-investigate the debt under 15 U.S.C. § 1681s-2(b).

51.     In response to Ms. Collins' dispute letters, PRA resolved one dispute in PRA's favor and one dispute in Ms. Collins's favor.

52.     The disputed debt that PRA resolved in its favor was the GE Wal*Mart debt that is at issue in the Rockcastle District Court action.

53.     Upon information and belief, the GE credit card accounts that PRA furnished negative information to one or more CRA's in connection with Ms. Collins were used for personal, family, and/or household purposes, which makes this a "debt" within the meaning of the FDCPA.

54.     The GE Wal*Mart debt that PRA resolved in its favor appears to be different than the Synchrony/Wal*Mart debt that Ms. Collins disputed directly to Synchrony Bank. This debt does not appear on Ms. Collins' consumer credit report as being directly furnished by GE or Synchrony Bank.

55.     PRA continues to furnish negative credit information concerning Ms. Collins and the GE Wal*Mart debt.

56.     Ms. Collins did not apply for and does not owe the GE Wal*Mart debt at issue in the Rockcastle District Court action.

57.     Ms. Collins did not apply for and does not owe the GE Wal*Mart debt that PRA is furnishing negative credit information about to the CRA's in connection with Ms. Collins.

58.     PRA violated the FDCPA by filing suit to collect a debt that Ms. Collins does not owe and by filing a motion for default judgment to collect the GE Wal*Mart debt after being on clear and plain notice that Ms. Collins had served and filed an answer in the case. These acts constitute unfair and unconscionable means to collect a debt and an attempt to take an action that cannot be legally taken to collect a debt.

59.     PRA also violated the FDCPA by furnishing false credit information concerning Ms. Collins and the two GE credit card debts to the CRA's and by falsely representing that

she owes debts that she does not owe.

60.     PRA violated the FCRA by breaching its duty to re-investigate the GE Wal*Mart debt by continuing to falsely furnish information to the CRA's that Ms. Collins owes PRA for the GE Wal*Mart debt.

## II.     Facts Concerning CACH, LLC

61.     Ms. Collins' June 24th Equifax consumer credit report includes negative information furnished by CACH concerning Ms. Collins and an alleged debt originated by GE Money Bank or GE Capital Retail Bank, both of which are now known as Synchrony Bank.

62.     Ms. Collins' dispute letters to the CRA's and directly to CACH concerned the GE debt referred to above.

63.     Upon information and belief, Experian, Equifax, and Trans Union notified CACH concerning Ms. Collins' dispute, which triggered CACH's duty to re-investigate the debt under 15 U.S.C. § 1681s-2(b).

64.     In response to Ms. Collins' dispute letters, CACH resolved the dispute in CACH's favor.

65.     According to CACH's response to Ms. Collins' dispute letters, CACH sent undersigned counsel a letter noting that the debt was a credit card account originated by GE Capital Retail Bank with the original account # 60088590630xxxx.

66.     Ms. Collins disputed a debt with the same account number to Synchrony Bank in connection with a credit card branded as a JCPenney credit card.

67.     Synchrony Bank resolved Ms. Collins' dispute in Collins' favor.

68.     Upon information and belief, the GE JCPenney credit card at issue in this case was used for personal, family, and/or household purposes, which makes the GE JCPenney credit card debt a "debt" within the meaning of the FDCPA.

69.     CACH continues to furnish negative credit information concerning Ms. Collins and the GE JCPenney credit card debt.

70.     Ms. Collins did not apply for and does not owe the GE JCPenney debt that CACH attempted to collect from her.

71.     CACH violated the FDCPA by furnishing false credit information concerning Ms. Collins and the GE JCPenney credit card debt to the CRA's and by falsely representing

that she owes a debt that she does not owe.

72.     CACH violated the FCRA by breaching its duty to re-investigate the GE Wal*Mart debt by continuing to falsely furnish information to the CRA's that Ms. Collins owes CACH for the GE JCPenney credit card debt.

## III.   Facts Concerning GLA Collection Co., Inc.

73.     Ms. Collins' June 24th Equifax consumer credit report includes negative information furnished by GLA concerning Ms. Collins and an alleged debt originated by Whitehouse CI Dental Berea.

74.     Upon information and belief, the Whitehouse CI Dental Berea debt was incurred for personal, family, and/or household purposes, which makes the CI Dental Berea debt a "debt" within the meaning of the FDCPA.

75.     Ms. Collins sent dispute letters to the CRA's and directly to GLA concerning the alleged debt to Whitehouse CI Dental Berea.

76.     Ms. Collins did not incur any expense or debt to Whitehouse CI Dental Berea: the debt is not Ms. Collins' debt.

77.     Upon information and belief, Experian, Equifax, and Trans Union notified GLA concerning Ms. Collins' dispute, which triggered GLA's duty to re-investigate the Whitehouse CI Dental Berea debt under 15 U.S.C. § 1681s-2(b).

78.     In response to Ms. Collins' dispute letters, GLA sent undersigned counsel a letter with questions and an itemized account statement.

79.     GLA continues to furnish negative credit information concerning Ms. Collins and the Whitehouse CI Dental Berea debt.

80.     GLA violated the FDCPA by furnishing false credit information concerning Ms. Collins and the Whitehouse CI Dental Berea debt to the CRA's and by falsely representing that she owes a debt that she does not owe.

81.     GLA violated the FCRA by breaching its duty to re-investigate the Whitehouse CI Dental Berea debt by continuing to falsely furnish information to the CRA's that Ms. Collins owes the Whitehouse CI Dental Berea debt.

## IV.   Facts Concerning LVNV Funding, LLC and Resurgent Capital Services, L.P.

### A.  Relationship between LVNV and Resurgent

82.      Even though LVNV engages in substantial and significant debt collection activity across the country, LVNV apparently has no employees. See Statement of Material Facts filed as Dkt. #69 in *Randall v. Nelson & Kennard*, 2:09-cv-00387 (D.Ariz. filed Aug. 9, 2010).

83.      Resurgent services LVNV's debt collection "pursuant to a written agreement and power of attorney." Id.

84.      Upon information and belief, Resurgent serviced debts originated by Windstream Communications, Inc. and First Premier Bank that are at issue in this case.

### B.  Relevant Facts

85.      Ms. Collins' June 24th Equifax consumer credit report includes negative information furnished by Resurgent and/or LVNV concerning Ms. Collins and an alleged unidentified debt, with an original balance and a current amount due of $212.00.

86.      Ms. Collins directly disputed the information furnished by LVNV to LVNV and to all three CRA's.

87.      Upon information and belief, Experian, Equifax, and Trans Union notified LVNV concerning Ms. Collins' dispute, which triggered LVNV's duty to re-investigate the debt under 15 U.S.C. § 1681s-2(b).

88.      In response to her dispute letters, Resurgent—acting on LVNV's behalf—sent Ms. Collins two letters, each concerning a different debt: (1) an alleged debt originated by Windstream Communications, Inc.; and (2) an alleged debt originated by First Premier Bank.

89.      Upon information and belief, both the Windstream debt and the First Premier debt were incurred for personal, family, or household purposes, which makes both debts a "debt" within the meaning of the FDCPA.

90.      Resurgent's response letter concerning alleged debt originated by Windstream includes "Borrower Information" that identifies the Borrower as a "Marie Collins" with an address located at 300 Brooklyn Drive, Berea, KY 40403.

91.      Plaintiff Anita Collins does not reside at 300 Brooklyn Drive.

92.      Resurgent's letter concerning the Windstream debt incudes a balance summary that provides that, as of December 2, 2014, the current balance due is $209.34, which amount is comprised of $181.85 in principal and $27.05 in interest.

93.      Upon information and belief, LVNV paid $9.00 or less to purchase the Windstream debt.

94.     Neither LVNV nor Resurgent has any legal right to assess, accrue, and collect interest on the Windstream debt as reflected in Resurgent's response letter and on Ms. Collins' June 24th Equifax credit report.

95.     Resurgent's letter concerning the First Premier debt includes a "Current Balance Summary" that states that $683.81 is the current balance due on the First Premier debt as of January 20, 2015, which amount is comprised of $408.32 in principal and $275.49 in interest.

96.     Upon information and belief, LVNV paid less than $10.00 to purchase the First Premier debt.

97.     Ms. Collins did not apply for or receive any benefits from the debts to Windstream and First Premier. She does not owe either of these debts.

98.     Neither LVNV nor Resurgent has any legal right to assess, accrue, and collect interest on the First Premier debt as reflected in Resurgent's response letter and on Ms. Collins' June 24th Equifax credit report.

99.     LVNV and Resurgent violated the FDCPA by furnishing false credit information concerning Ms. Collins and the Windstream and First Premier debts to the CRA's, by falsely representing that she owes a debt that she does not owe, by falsely representing the amount owed on the debts, and by attempting to collect interest from Ms. Collins that neither has any legal right to assess, accrue, or collect.

100.    LVNV violated the FCRA by breaching its duty to re-investigate the Windstream debt by continuing to falsely furnish information to the CRA's that Ms. Collins owes the Windstream debt.

## V.    Facts Concerning Midland Funding, LLC and Midland Credit Management, Inc.

101.    Ms. Collins' June 24th Equifax credit report includes two negative items furnished by Midland.

102.    Ms. Collins disputed both negative items directly with Midland and with all three CRA's.

103.    Upon information and belief, Experian, Equifax, and Trans Union notified Midland concerning Ms. Collins' dispute, which triggered Midland's duty to re-investigate the debt under 15 U.S.C. § 1681s-2(b).

104.    In response to her dispute letters, MCM—acting on Midland's behalf—sent Ms. Collins two letters, each concerning a different debt but both of which were allegedly

originated by T-Mobile one with a "last billing date" of 3/25/09 (acct. ending in 398) and the other with a "last billing date" of 12/15/09 (acct.# ending in 254).

105.    Upon information and belief, both the T-Mobile debts were incurred for personal, family, or household purposes, which makes both debts a "debt" within the meaning of the FDCPA.

106.    According to MCM's letter in connection with the T-Mobile debt account number ending in 398, the debt concerned two different phone numbers with a prior billing address of P.O. Box 1162, Berea, KY 40403.

107.    Further information provided by MCM noted that the T-Mobile account number ending in 398 was originated on 12/29/2005.

108.    According to MCM's letter in connection with the T-Mobile debt account number ending in 254, the debt concerned four different phone numbers with a prior billing address of 117 Spring Circle Road, Apt. #2, Berea, KY 40403.

109.    Further information provided by MCM noted that the T-Mobile account number ending in 254 was originated on 2/20/2007.

110.    The two T-Mobile accounts that Midland and MCM attempted to collect from Ms. Collins are not her debts. Ms. Collins did not have two separate T-Mobile accounts covering six different phone numbers and phones.

111.    Midland and MCM violated the FDCPA by attempting to collect two debts from Ms. Collins that she does not owe, by furnishing false credit information to the CRA's that Ms. Collins owed a debt that she does not owe, and by falsely representing that Ms. Collins owes a debt that she does not owe.

112.    Midland and MCM violated the FCRA by breaching its duty to re-investigate the two T-Mobile debts by continuing to falsely furnish information to the CRA's that Ms. Collins owes the two T-Mobile debts.

## VI.    Facts Concerning Southwest Credit Systems, L.P.

113.    Ms. Collins' June 24th Equifax consumer credit report includes negative information furnished by Southwest in connection with a debt allegedly originated by Windstream Communications ("Windstream") in the amount of $198.00.

114.    Upon information and belief, the Windstream debt was used for personal, family, and household purposes, which makes the Windstream debt a "debt" within the meaning of the FDCPA.

115.    Ms. Collins does not have any outstanding or past due debts to Windstream.

-13-

116.     Ms. Collins directly disputed to the alleged debt originated by Windstream directly with Southwest and all three CRA's.

117.     Upon information and belief, Experian, Equifax, and Trans Union notified Southwest concerning Ms. Collins' dispute, which triggered Southwest's duty to re-investigate the debt under 15 U.S.C. § 1681s-2(b).

118.     Southwest did not respond to any of the dispute letters.

119.     Southwest violated the FDCPA by attempting to collect a debt from Ms. Collins that she does not owe, by furnishing false credit information to the CRA's concerning Ms. Collins and a debt she does not, and by falsely representing that she owes a debt that she does not owe.

120.     Southwest violated the FCRA by breaching its duty to re-investigate the Windstream debt by continuing to falsely furnish information to the CRA's that Ms. Collins owes the Windstream debt.

## VII.   Facts Concerning USCB Corporation

121.     Ms. Collins' June 24th Equifax consumer credit report includes negative information furnished by USCB in connection with a debt allegedly originated by Stratford Career Institute ("Stratford") in the amount of $679.00.

122.     Upon information and belief, the Stratford debt was used for personal, family, and household purposes, which makes the Stratford debt a "debt" within the meaning of the FDCPA.

123.     Ms. Collins did not attend Stratford Career Institute and has no debt or obligation to Stratford.

124.     Ms. Collins directly disputed to the alleged debt originated by Stratford directly with USCB and all three CRA's.

125.     Upon information and belief, Experian, Equifax, and Trans Union notified USCB concerning Ms. Collins' dispute, which triggered USCB's duty to re-investigate the debt under 15 U.S.C. § 1681s-2(b).

126.     USCB did not respond to any of the dispute letters.

127.     USCB violated the FDCPA by attempting to collect a debt from Ms. Collins that she does not owe, by furnishing false credit information to the CRA's concerning Ms. Collins and a debt she does not, and by falsely representing that she owes a debt that she does not owe.

128.     USCB violated the FCRA by breaching its duty to re-investigate the Stratford debt

by continuing to falsely furnish information to the CRA's that Ms. Collins owes the Stratford debt.

## VIII.   Facts Concerning First Premier Bank

129.      According to Ms. Collins' June 24th Equifax credit report, First Premier Bank made a hard inquiry for Ms. Collins' Equifax credit report on April 29, 2013.

130.      Ms. Collins did not apply for credit with First Premier Bank on or about April 29, 2013.

131.      Ms. Collins did not have an existing account, either open or closed, with First Premier Bank on or about April 29, 2013.

132.      First Premier Bank did not have a permissible purpose for requesting and reviewing Ms. Collins' Equifax credit report on April 29, 2013.

133.      First Premier Bank violated the FCRA by requesting a copy of Ms. Collins's Equifax consumer report without a permissible purpose.

### Claims for Relief

**Count I:      Claims against Portfolio Recovery Associates, LLC**

134.      The allegations contained in ¶¶28-60 are re-alleged and incorporated as if fully set forth herein.

### A.      Violations of the Fair Debt Collection Practices Act

135.      PRA violated the FDCPA by attempting to collect a debt by means not permitted by law or contract by filing suit to collect a debt that Ms. Collins does not owe; by filing default judgment against Ms. Collins after she had served and filed an answer in the case; by furnishing false negative credit information concerning Ms. Collins and the two GE credit card debts to one or more of the CRA's; and by falsely representing that Ms. Collins owed debts that she does not owe. These and other acts constitute violations of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f and one or more subsection of each statute.

### B.      Violations of the Fair Credit Reporting Act

#### i.      Intentional Violation of 15 U.S.C. § 1681s-2(b)(A)

136.      Upon information and belief, after being informed by consumer reporting agencies that Ms. Collins disputed the accuracy of information that PRA provided concerning Ms. Collins to consumer reporting agencies, PRA willfully failed to conduct a proper investigation of Ms. Collins's dispute that she was not liable to PRA in connection with the GE Wal*Mart credit card debt as falsely reported by PRA.

137.     Upon information and belief, PRA willfully failed to review all relevant information purportedly provided by the consumer reporting agencies to PRA in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

138.     Upon information and belief, PRA willfully failed to direct such consumer reporting agencies to delete inaccurate information about Ms. Collins pertaining to the GE Wal*Mart credit card debt as required by 15 U.S.C. § 1681s-2(b)(C).

139.     PRA is liable to Ms. Collins for statutory and actual damages she has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681n.

Or in the alternative,

### ii.     Negligent Violation of 15 U.S.C. § 1681s-2(b)(A)

140.     Upon information and belief, after being informed by consumer reporting agencies that Ms. Collins disputed the accuracy of information that PRA provided concerning Ms. Collins to consumer reporting agencies, PRA negligently failed to conduct a proper investigation of Ms. Collins's dispute that she was not liable to PRA in connection with the GE Wal*Mart credit card debt as falsely reported by PRA.

141.     Upon information and belief, PRA negligently failed to review all relevant information purportedly provided by the consumer reporting agencies to PRA in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

142.     Upon information and belief, PRA negligently failed to direct such consumer reporting agencies to delete inaccurate information about Ms. Collins pertaining to the PRA debt as required by 15 U.S.C. § 1681s-2(b)(C).

143.     PRA is liable to Ms. Collins for actual damages she has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681o.

**Count II:     Claims against CACH, LLC**

144.     The allegations contained in ¶¶28-38 and ¶¶ 61-72 are re-alleged and incorporated as if fully set forth herein.

**A.     Violations of the Fair Debt Collection Practices Act**

145.     CACH violated the FDCPA by furnishing false negative credit information concerning Ms. Collins and the GE JCPenney credit card debt to one or more of the CRA's; and by falsely representing that Ms. Collins owed a debt that she does not owe. These and other acts constitute violations of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f and one or more subsection of each statute.

**B.     Violations of the Fair Credit Reporting Act**

**i.     Intentional Violation of 15 U.S.C. § 1681s-2(b)(A)**

146.     Upon information and belief, after being informed by consumer reporting agencies that Ms. Collins disputed the accuracy of information that CACH provided concerning Ms. Collins to consumer reporting agencies, CACH willfully failed to conduct a proper investigation of Ms. Collins's dispute that she was not liable to CACH in connection with the GE JCPenney credit card debt as falsely reported by CACH.

147.     Upon information and belief, CACH willfully failed to review all relevant information purportedly provided by the consumer reporting agencies to CACH in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

148.     Upon information and belief, CACH willfully failed to direct such consumer reporting agencies to delete inaccurate information about Ms. Collins pertaining to the GE JCPenney credit card debt as required by 15 U.S.C. § 1681s-2(b)(C).

149.     CACH is liable to Ms. Collins for statutory and actual damages she has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681n.

Or in the alternative,

**ii.     Negligent Violation of 15 U.S.C. § 1681s-2(b)(A)**

150.     Upon information and belief, after being informed by consumer reporting agencies that Ms. Collins disputed the accuracy of information that CACH provided concerning Ms. Collins to consumer reporting agencies, CACH negligently failed to conduct a proper investigation of Ms. Collins's dispute that she was not liable to CACH in connection with the GE JCPenney credit card debt as falsely reported by CACH.

151.     Upon information and belief, CACH negligently failed to review all relevant information purportedly provided by the consumer reporting agencies to CACH in

conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

152.    Upon information and belief, CACH negligently failed to direct such consumer reporting agencies to delete inaccurate information about Ms. Collins pertaining to the CACH debt as required by 15 U.S.C. § 1681s-2(b)(C).

153.    CACH is liable to Ms. Collins for actual damages she has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681o.

**Count III:    Claims against GLA Collection Co., Inc.**

154.    The allegations contained in ¶¶28-38 and ¶¶ 73-81 are re-alleged and incorporated as if fully set forth herein.

### A.    Violations of the Fair Debt Collection Practices Act

155.    GLA violated the FDCPA furnishing false negative credit information concerning Ms. Collins and the Whitehouse CI Dental Berea debt and by falsely representing that Ms. Collins owed a debt that she does not owe. These and other acts constitute violations of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f and one or more subsection of each statute.

### B.    Violations of the Fair Credit Reporting Act

#### i.    Intentional Violation of 15 U.S.C. § 1681s-2(b)(A)

156.    Upon information and belief, after being informed by consumer reporting agencies that Ms. Collins disputed the accuracy of information that GLA provided concerning Ms. Collins to consumer reporting agencies, GLA willfully failed to conduct a proper investigation of Ms. Collins's dispute that she was not liable to GLA in connection with the Whitehouse CI Dental Berea debt as falsely reported by GLA.

157.    Upon information and belief, GLA willfully failed to review all relevant information purportedly provided by the consumer reporting agencies to GLA in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

158.    Upon information and belief, GLA willfully failed to direct such consumer reporting agencies to delete inaccurate information about Ms. Collins pertaining to the Whitehouse CI Dental Berea debt as required by 15 U.S.C. § 1681s-2(b)(C).

159.    GLA is liable to Ms. Collins for statutory and actual damages she has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681n.

Or in the alternative,

### ii.    Negligent Violation of 15 U.S.C. § 1681s-2(b)(A)

160.    Upon information and belief, after being informed by consumer reporting agencies that Ms. Collins disputed the accuracy of information that GLA provided concerning Ms. Collins to consumer reporting agencies, GLA negligently failed to conduct a proper investigation of Ms. Collins's dispute that she was not liable to GLA in connection with the Whitehouse CI Dental Berea debt as falsely reported by GLA.

161.    Upon information and belief, GLA negligently failed to review all relevant information purportedly provided by the consumer reporting agencies to GLA in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

162.    Upon information and belief, GLA negligently failed to direct such consumer reporting agencies to delete inaccurate information about Ms. Collins pertaining to the GLA debt as required by 15 U.S.C. § 1681s-2(b)(C).

163.    GLA is liable to Ms. Collins for actual damages she has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681o.

## Count IV:    Claims against LVNV Funding, LLC and Resurgent Capital Services, L.P.

164.    The allegations contained in ¶¶28-38 and ¶¶82-100 are re-alleged and incorporated as if fully set forth herein.

### A.    Violations of the Fair Debt Collection Practices Act

165.    LVNV and Resurgent violated the FDCPA by furnishing false negative credit information concerning Ms. Collins and the Windstream and First Premier Bank debts; by falsely representing that Ms. Collins owed debts that she does not owe; and by accruing, assessing, and attempting to collect interest on a debt from Ms. Collins that neither LVNV nor Resurgent had any legal right to collect from Ms. Collins. These and other acts constitute violations of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f and one or more subsection of each statute.

### B.    Violations of the Fair Credit Reporting Act

### i.    Intentional Violation of 15 U.S.C. § 1681s-2(b)(A)

166.     Upon information and belief, after being informed by consumer reporting agencies that Ms. Collins disputed the accuracy of information that LVNV and/or Resurgent provided concerning Ms. Collins to consumer reporting agencies, LVNV and/or Resurgent willfully failed to conduct a proper investigation of Ms. Collins's dispute that she was not liable to LVNV or Resurgent in connection with the Windstream and First Premier Bank debts as falsely reported by LVNV and/or Resurgent.

167.     Upon information and belief, LVNV and/or Resurgent willfully failed to review all relevant information purportedly provided by the consumer reporting agencies to LVNV and/or Resurgent in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

168.     Upon information and belief, LVNV and/or Resurgent willfully failed to direct such consumer reporting agencies to delete inaccurate information about Ms. Collins pertaining to the Windstream and First Premier Bank debts as required by 15 U.S.C. § 1681s-2(b)(C).

169.     LVNV and Resurgent are liable to Ms. Collins for statutory and actual damages she has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681n.

Or in the alternative,

### ii.     Negligent Violation of 15 U.S.C. § 1681s-2(b)(A)

170.     Upon information and belief, after being informed by consumer reporting agencies that Ms. Collins disputed the accuracy of information that LVNV and/or Resurgent provided concerning Ms. Collins to consumer reporting agencies, LVNV and/or Resurgent negligently failed to conduct a proper investigation of Ms. Collins's dispute that she was not liable to LVNV and/or Resurgent in connection with the Windstream and First Premier Bank debts as falsely reported by LVNV and/or Resurgent.

171.     Upon information and belief, LVNV and/or Resurgent negligently failed to review all relevant information purportedly provided by the consumer reporting agencies to LVNV and/or Resurgent in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

172.     Upon information and belief, LVNV and/or Resurgent negligently failed to direct such consumer reporting agencies to delete inaccurate information about Ms. Collins pertaining to the LVNV and/or Resurgent debt as required by 15 U.S.C. § 1681s-2(b)(C).

173.     LVNV and Resurgent are liable to Ms. Collins for actual damages she has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15

U.S.C. § 1681o.

**Count V:** **Claims against Midland Funding, LLC and Midland Credit Management, Inc.**

174.     The allegations contained in ¶¶28-38 and ¶¶101-112 are re-alleged and incorporated as if fully set forth herein.

### A.     Violations of the Fair Debt Collection Practices Act

175.     Midland and MCM violated the FDCPA by furnishing false negative credit information concerning Ms. Collins and the two T-Mobile debts; and by falsely representing that Ms. Collins owed debts that she does not owe. These and other acts constitute violations of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f and one or more subsection of each statute.

### B.     Violations of the Fair Credit Reporting Act

#### i.     Intentional Violation of 15 U.S.C. § 1681s-2(b)(A)

176.     Upon information and belief, after being informed by consumer reporting agencies that Ms. Collins disputed the accuracy of information that Midland and/or MCM provided concerning Ms. Collins to consumer reporting agencies, Midland and/or MCM willfully failed to conduct a proper investigation of Ms. Collins's dispute that she was not liable to Midland or MCM in connection with the two T-Mobile debts as falsely reported by Midland and/or MCM.

177.     Upon information and belief, Midland and/or MCM willfully failed to review all relevant information purportedly provided by the consumer reporting agencies to Midland and/or MCM in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

178.     Upon information and belief, Midland and/or MCM willfully failed to direct such consumer reporting agencies to delete inaccurate information about Ms. Collins pertaining to the two T-Mobile debts as required by 15 U.S.C. § 1681s-2(b)(C).

179.     Midland and MCM are liable to Ms. Collins for statutory and actual damages she has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681n.

Or in the alternative,

#### ii.     Negligent Violation of 15 U.S.C. § 1681s-2(b)(A)

180.     Upon information and belief, after being informed by consumer reporting agencies

-21-

that Ms. Collins disputed the accuracy of information that Midland and/or MCM provided concerning Ms. Collins to consumer reporting agencies, Midland and/or MCM negligently failed to conduct a proper investigation of Ms. Collins's dispute that she was not liable to Midland and/or MCM in connection with the two T-Mobile debts as falsely reported by Midland and/or MCM.

181.     Upon information and belief, Midland and/or MCM negligently failed to review all relevant information purportedly provided by the consumer reporting agencies to Midland and/or MCM in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

182.     Upon information and belief, Midland and/or MCM negligently failed to direct such consumer reporting agencies to delete inaccurate information about Ms. Collins pertaining to the Midland and/or MCM debts as required by 15 U.S.C. § 1681s-2(b)(C).

183.     Midland and MCM are liable to Ms. Collins for actual damages she has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681o.

**Count VI:     Claims against Southwest Credit Systems, L.P.**

184.     The allegations contained in ¶¶28-38 and ¶¶113-120 are re-alleged and incorporated as if fully set forth herein.

### A.     Violations of the Fair Debt Collection Practices Act

185.     Southwest violated the FDCPA by furnishing false negative credit information concerning Ms. Collins and the Windstream debt to one or more of the CRA's and by falsely representing that Ms. Collins owed a debt that she does not owe. These and other acts constitute violations of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f and one or more subsection of each statute.

### B.     Violations of the Fair Credit Reporting Act

### i.     Intentional Violation of 15 U.S.C. § 1681s-2(b)(A)

186.     Upon information and belief, after being informed by consumer reporting agencies that Ms. Collins disputed the accuracy of information that Southwest provided concerning Ms. Collins to consumer reporting agencies, Southwest willfully failed to conduct a proper investigation of Ms. Collins's dispute that she was not liable to Southwest in connection with the Windstream debt as falsely reported by Southwest.

187.     Upon information and belief, Southwest willfully failed to review all relevant information purportedly provided by the consumer reporting agencies to Southwest in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

188.     Upon information and belief, Southwest willfully failed to direct such consumer reporting agencies to delete inaccurate information about Ms. Collins pertaining to the Windstream debt as required by 15 U.S.C. § 1681s-2(b)(C).

189.     Southwest is liable to Ms. Collins for statutory and actual damages she has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681n.

Or in the alternative,

### ii.     Negligent Violation of 15 U.S.C. § 1681s-2(b)(A)

190.     Upon information and belief, after being informed by consumer reporting agencies that Ms. Collins disputed the accuracy of information that Southwest provided concerning Ms. Collins to consumer reporting agencies, Southwest negligently failed to conduct a proper investigation of Ms. Collins's dispute that she was not liable to Southwest in connection with the Windstream debt as falsely reported by Southwest.

191.     Upon information and belief, Southwest negligently failed to review all relevant information purportedly provided by the consumer reporting agencies to Southwest in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

192.     Upon information and belief, Southwest negligently failed to direct such consumer reporting agencies to delete inaccurate information about Ms. Collins pertaining to the Southwest debt as required by 15 U.S.C. § 1681s-2(b)(C).

193.     Southwest is liable to Ms. Collins for actual damages she has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681o.

## Count VII:    Claims against USCB Corporation

194.     The allegations contained in ¶¶28-38 and ¶¶121-128 are re-alleged and incorporated as if fully set forth herein.

### A.     Violations of the Fair Debt Collection Practices Act

195.     USCB violated the FDCPA by furnishing false negative credit information

concerning Ms. Collins and the Stratford Career Institute debt to one or more of the CRA's and by falsely representing that Ms. Collins owed a debt that she does not owe. These and other acts constitute violations of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f and one or more subsection of each statute.

**B.      Violations of the Fair Credit Reporting Act**

  **i.      Intentional Violation of 15 U.S.C. § 1681s-2(b)(A)**

196.      Upon information and belief, after being informed by consumer reporting agencies that Ms. Collins disputed the accuracy of information that USCB provided concerning Ms. Collins to consumer reporting agencies, USCB willfully failed to conduct a proper investigation of Ms. Collins's dispute that she was not liable to USCB in connection with the Stratford Career Institute debt as falsely reported by USCB.

197.      Upon information and belief, USCB willfully failed to review all relevant information purportedly provided by the consumer reporting agencies to USCB in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

198.      Upon information and belief, USCB willfully failed to direct such consumer reporting agencies to delete inaccurate information about Ms. Collins pertaining to the Stratford Career Institute debt as required by 15 U.S.C. § 1681s-2(b)(C).

199.      USCB is liable to Ms. Collins for statutory and actual damages she has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681n.

Or in the alternative,

  **ii.      Negligent Violation of 15 U.S.C. § 1681s-2(b)(A)**

200.      Upon information and belief, after being informed by consumer reporting agencies that Ms. Collins disputed the accuracy of information that USCB provided concerning Ms. Collins to consumer reporting agencies, USCB negligently failed to conduct a proper investigation of Ms. Collins's dispute that she was not liable to USCB in connection with the Stratford Career Institute debt as falsely reported by USCB.

201.      Upon information and belief, USCB negligently failed to review all relevant

information purportedly provided by the consumer reporting agencies to USCB in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

202.     Upon information and belief, USCB negligently failed to direct such consumer reporting agencies to delete inaccurate information about Ms. Collins pertaining to the USCB debt as required by 15 U.S.C. § 1681s-2(b)(C).

203.     USCB is liable to Ms. Collins for actual damages she has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681o.

**Count VIII:   Claims against First Premier Bank: Violation of the FCRA**

204.     The allegations contained in ¶¶28-38 and ¶¶129-133 are re-alleged and incorporated as if fully set forth herein.

205.     First Premier Bank knowingly and intentionally 15 U.S.C. § 1681b(f) by falsely and impermissibly requesting that one or more credit reporting agencies furnish it with a copy of Ms. Collins's consumer report. Therefore, First Premier Bank is liable to Ms. Collins for statutory damages of $1,000 for each impermissible request or the actual damages she has sustained by reason of First Premier Bank's violations of the FCRA, whichever is greater, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681n.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Anita Collins requests that the Court grant her the following relief:

1.      Award Plaintiff actual damages;

2.      Award Plaintiff maximum statutory damages against each Defendant;

3.      Award Plaintiff punitive damages against each Defendant for their intentional violations of the FCRA;

3.      Award Plaintiff reasonable attorney's fees and costs;

4.      A trial by jury; and

5.      Such other relief as may be just and proper.


Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Ave.
Suite 4
Louisville, KY 40207
Tel:    (502) 473-6525
Fax:    (502) 473-6561
james@kyconsumerlaw.com